857 A.2d 173

RAYMOND ARTHUR ABBOTT, ET AL., PLAINTIFFS–
RESPONDENTS, v. FRED G. BURKE, ET AL.,
DEFENDANTS–MOVANTS.

June 7, 2004.

# O R D E R

This matter having come before the Court on the application of the Department of Education (DOE) for a limited modification of the judgment in *Abbott v. Burke,* 163 *N.J.* 95, 748 *A.*2d 82 (2000) (*Abbott VI*);

And the DOE having represented to the Court that in the Abbott districts there are a small number of teachers at Department of Human Services—licensed community provider preschools and federally-funded Head Start programs who will be unable to obtain the required DOE certification by the Court's *Abbott VI* deadline of September 2004;

And the DOE having sought a relaxation of the deadline to enable non-certified preschool teachers at DHS-licensed providers to seek a waiver of the mandate for up to two years, to September 2006, provided each such teacher:

1. Has thirty or fewer credits left to complete a bachelor's degree;

2. Makes steady academic progress toward obtaining their bachelor's degree;

3. Remains in good academic standing until he or she obtains a bachelor's degree; and

4. Provides DOE with letters of support from the employer and the Abbott district in which the teacher serves;

And the DOE having further sought a relaxation of the September 2004 deadline to enable each similarly situated non-certified Head Start teacher to obtain his or her DOE certification within four years of the date when his or her program first contracted with an Abbott district to include the teacher's classroom;

And the Education Law Center (ELC) and the Association of Children for New Jersey (ACNJ) having joined in the application of the DOE for a relaxation of the Court's judgment, subject, however, to the inclusion in the Court's disposition of language formally adopting the "Proposed Application and Approval Procedures" (Waiver Procedure) developed by Dr. Ellen Frede of the DOE;

And in reply to the position of the ELC and ACNJ, the DOE having represented to the Court that "the first year of implemen-

tation of the waiver process will immediately commence so that it will be in place for the 2004 2005 school year" and that the Commissioner and staff of DOE "will work ... to amend the existing early childhood regulations at *N.J.A.C.* 6A:10A to include the protocols and standards set forth in the Waiver Procedure;"

And the Court having accepted the representations of the DOE as presented;

And good cause appearing;

IT IS ORDERED that in light of the agreement of the parties that a relaxation of the *Abbott VI* deadline is necessary and appropriate, the representations of the Department of Education, and the Court's acceptance of those representations, the Department of Education's motion for a limited extension and modification of the September 2004 deadline established in *Abbott VI* for DOE certification of DHS-licensed community provider preschool teachers and federally-funded Head Start teachers whose programs are under contract with Abbott districts is granted; and it is further

ORDERED that subject to the conditions set forth above in numbered paragraphs one through four, non-certified preschool teachers at DHS-licensed providers may seek a waiver of the mandate and obtain the required DOE certification by September 2006; and it is further

ORDERED that subject to the conditions set forth above in numbered paragraphs one through four, non-certified Head Start teachers may seek a waiver of the mandate and obtain his or her DOE certification within four years of the date when his or her program first contracted with an Abbott district to include the teacher's classroom.

Chief Justice PORITZ and Justices LONG, LaVECCHIA, ALBIN, and WALLACE join in the Court's Order.